UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERI ARCOREN,<br><br>               Plaintiff,<br><br>v.<br><br>DEPUY SYNTHES SALES, INC., *et al.*,<br><br>               Defendants. | Civil Action No. 22-6603 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

      This matter comes before the Court on Defendants DePuy Synthes Sales, Inc. ("Depuy") *d/b/a* DePuy Synthes Joint Reconstruction; DePuy Orthopaedics, Inc.; DePuy International Limited; Johnson & Johnson Services, Inc.; Johnson & Johnson International ("J&J International"); Medical Device Business Services, Inc.; DePuy Inc.; DePuy Synthes Products, Inc.; DePuy Synthes, Inc.; DePuy Ireland Unlimited Company; DePuy Synthes Johnson & Johnson Ireland Ltd.; Johnson & Johnson; and Depuy Mitek, Inc.'s (collectively, "Defendants") Motion to Transfer Venue and Motion to Stay.[1] (ECF No. 3.) Plaintiff Teri Arcoren ("Plaintiff") did not oppose. The Court has carefully considered the submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion to Transfer Venue and Motion to Stay.

      In or around November 2010, Plaintiff underwent a total knee arthroplasty at Sanford USD Medical Center in Sioux Falls, South Dakota, in which she was implanted with a DePuy Sigma

---

[1] Defendants move to stay all proceedings pending a decision on the Motion to Transfer. (*See generally* Defs.' Motion to Transfer Venue and Motion to Stay, ECF No. 3.) Because the Court now decides the Motion to Transfer, the Court declines the request to stay as moot.

Total Knee System. (Compl. ¶¶ 33-34, ECF No. 1.) After the surgery, Plaintiff continued to suffer knee pain. (*Id.* ¶ 35.) In November 2019, Plaintiff underwent revision surgery of all components of the total knee arthroplasty at Black Hills Surgical Hospital in Rapid City, South Dakota. (*Id.* ¶ 36.) The surgeon found evidence of significant metallosis within the knee joint, and all components were explanted. (*Id.*) Plaintiff filed the instant Complaint on November 14, 2022, bringing claims against Defendants for product liability, negligence, negligent misrepresentation, negligence per se, breach of express warranty, and breach of implied warranty. (*See generally id.*) Plaintiff alleges that venue is proper in this judicial district because J&J International is a parent company of DePuy and headquartered in New Jersey. (*Id.* ¶¶ 21-25.)

Defendants move to transfer this action to the United States District Court for the District of South Dakota for the convenience of the parties and witnesses, and in the interest of justice, pursuant to 28 U.S.C. § 1404(a). (Defs.' Moving Br. 2, ECF No. 3.) A plaintiff's choice of forum is generally given great weight; however, the plaintiff's choice of forum is not dispositive and may be displaced by other factors. *See LG Elecs., Inc. v. First Int'l Comput.*, 138 F. Supp. 2d 574, 589 (D.N.J. 2001). A plaintiff's choice of forum is also accorded less weight when the selected forum is not the plaintiff's home forum. *Id.* (citing *NCR Credit Corp. v. Ye Seekers Horizon*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998)). To establish that a transfer should be granted, defendants must show that: (1) the case could have been initially brought in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and the witnesses; and (3) the proposed transfer will be in the interest of justice. *See* 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Upon the Court's review of Defendants' submission and in light of Plaintiff's decision not to file an opposition, the Court finds that these elements are met. First, Plaintiff could have initiated

this action in the District of South Dakota.[2] The District of South Dakota is also the more appropriate venue considering convenience and the interests of justice.[3] Although Plaintiff chose to bring this action in New Jersey, she provides no rationale for why adjudication in New Jersey would be more appropriate than in her home forum, South Dakota. *See Garlick v. Quest Diagnostics, Inc.*, No. 6-6244, 2010 WL 1490923, at *2 (D.N.J. Apr. 13, 2010) (concluding that a plaintiff's choice of forum is entitled to little to no deference when the plaintiff chooses a foreign forum with no apparent connection to the operative facts of the lawsuit). Conversely, Defendants' choice of venue is in the state where both surgeries at the center of this claim took place. *See Denmark v. Pilot Travel Ctrs., LLC*, No. 18-15028, 2019 WL 2353644, at *5 (D.N.J. June 4, 2019) (strongly favoring transfer when the transferee forum's connection to the pending claims is greater than the original forum's). The District of South Dakota is, thus, presumably more convenient for any potential witnesses to the surgeries and their effects on Plaintiff, and where Plaintiff's healthcare providers are located. (Compl. ¶¶ 33-36); *see Pepper v. Levy*, No. 21-376, 2021 WL 3076932, at *2 (D.N.J. July 21, 2021) (finding that the parties' physical convenience weighed in favor of transfer). Finally, South Dakota has a greater interest in the adjudication of this matter,

---

[2] Generally, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, both the surgery implanting the prosthesis and the surgery removing it took place in South Dakota. (Compl. ¶¶ 33, 36.)

[3] Courts consider various public and private interests in making this determination. *See Jumara*, 55 F.3d at 879. Private interests include the plaintiff's choice of venue, the defendant's preference, where the claim arose, convenience of the parties as indicated by their relative physical and financial condition, convenience of the witnesses, and the extent to which records or other documentary evidence would be available for production. *Id.* The public interests include: the enforceability of any judgment; practical considerations that could make the trial easy, expeditious or inexpensive; relative administrative difficulty resulting from court congestion; local interest in deciding the controversy; relative importance of public policies; and familiarity of the trial judge with the applicable state law in diversity cases. *See id.*; *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017).

given that a South Dakota citizen's injury is the focus of this case. *See Lincoln Nat'l Life Ins. Co. v. Ret. Value LLC*, No. 21-20438, 2022 WL 17147108, at *4 (D.N.J. Nov. 22, 2022) (acknowledging the local forum's interest in deciding local controversies at home). Accordingly,

**IT IS** on this 13th day of June 2023, **ORDERED** that:

1. Defendants' Motion to Transfer Venue (ECF No. 3) is **GRANTED**.

2. The Clerk of the Court shall **TRANSFER** this action to the United States District Court for the District of South Dakota.

3. The Clerk of the Court shall **CLOSE** this case insofar as it exists in the United States District Court for the District of New Jersey.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**